**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-5094**

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

          v.

TAJ MAURICE PITTMAN,

                    Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.   Thomas David Schroeder, District Judge.   (1:08-cr-00489-TDS-1; 1:09-cr-00159-TDS-1)

Submitted:  September 29, 2011        Decided:  October 17, 2011

Before DAVIS and WYNN, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Jeffrey M. Brandt, ROBINSON & BRANDT, P.S.C., Covington, Kentucky, for Appellant.  Ripley Rand, United States Attorney, Michael F. Joseph, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Taj Maurice Pittman appeals a criminal judgment challenging his conviction and 609 month custodial sentence. A jury found Pittman guilty of two counts of bank robbery in violation of 18 U.S.C. § 2113(a) (2006), two counts of armed bank robbery in violation of 18 U.S.C. § 2113(a), (d) (2006), two counts of brandishing a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A)(ii), (c)(1)(C)(i) (2006), and three counts of interference with commerce by robbery in violation of 18 U.S.C. § 1951(a) (2006). The charges arose from the robbery of two banks and three General Nutrition Center stores in the Middle District of North Carolina. We affirm.

Pittman asserts that admission of certain testimony during his trial was unfairly prejudicial. We review a trial court's ruling on admissibility of evidence for an abuse of discretion. United States v. Cole, 631 F.3d 146, 153 (4th Cir. 2011). Relevant evidence is generally admissible, but "may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 402, 403. However, "Rule 403 is a rule of inclusion, generally favoring admissibility." United States v. Udeozor,

515 F.3d 260, 264-65 (4th Cir. 2008) (internal quotation marks and brackets omitted). When assessing a Rule 403 challenge on appeal, we "look at the evidence in a light most favorable to its proponent, maximizing its probative value and minimizing its prejudicial effect." United States v. Simpson, 910 F.2d 154, 157 (4th Cir. 1990) (internal quotation marks omitted).

We find all of the challenged evidence to be relevant and none of it to be unfairly prejudicial. To the extent it related to uncharged conduct, it was properly admitted to establish Pittman's identity as the robber. Pittman fails to convince us that the district court abused its discretion in admitting the challenged testimony.

Pittman also appeals the district court's denials of his motions for mistrial. "[D]enial of a defendant's motion for a mistrial is within the sound discretion of the district court and will be disturbed only under the most extraordinary of circumstances." United States v. Dorlouis, 107 F.3d 248, 257 (4th Cir. 1997). An abuse of discretion will be found only upon a showing of prejudice. United States v. Wallace, 515 F.3d 327, 330 (4th Cir. 2008). Pittman fails to demonstrate that any of the improper testimony resulted in prejudice. Thus, we find no abuse of discretion in the district court's rulings.

Pittman raises a number of challenges to his sentences. First, we find that the district court did not err

3

in imposing Pittman's two 18 U.S.C. § 924(c) (2006) sentences consecutively to one another. The statute requires consecutive imposition. 18 U.S.C. § 924(c)(1)(D)(ii); see also United States v. Robinson, 404 F.3d 850, 862 (4th Cir. 2005).

"No matter what provides the basis for a deviation from the Guidelines range[,] we review the resulting sentence only for reasonableness." United States v. Evans, 526 F.3d 155, 164 (4th Cir. 2008) (citing Gall v. United States, 552 U.S. 38, 51 (2007)). In our reasonableness review, we apply an abuse of discretion standard. United States v. Diosdado-Star, 630 F.3d 359, 363 (4th Cir. 2011). We find no abuse of discretion in the district court's departure; nor do we find Pittman's cumulative sentence of 609 months' imprisonment to be unreasonable. The district court provided a cogent rationale for the sentence imposed. We will not disturb it.

We accordingly affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid in the decisional process.

AFFIRMED